## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

TAMIKO DAVIS                                  CIVIL ACTION NO. 22-543

VERSUS                                        JUDGE ELIZABETH E. FOOTE

BOSSIER CASINO VENTURE LLC                    MAGISTRATE JUDGE HORNSBY

### <u>MEMORANDUM RULING</u>

Before the Court is Defendant's unopposed motion for summary judgment. [Record Document 19]. For the reasons stated herein, Defendant's motion for summary judgment is **GRANTED**.

### <u>BACKGROUND</u>

Plaintiff Tamiko Davis ("Davis") began working as a slot attendant at Margaritaville Resort Casino for the Defendant, Bossier Casino Venture, LLC ("Bossier Casino") on May 28, 2013. Record Document 19-2 at 1. In March 2020, Margaritaville closed due to the COVID-19 pandemic. *Id*. at 2. At the time of Margaritaville's re-opening in June 2020, Davis was being treated for pneumonia, but she still returned to work. *Id*. Her last day worked was June 11, 2020. *Id*. She returned to the doctor where she was referred to a pulmonary specialist for an appointment on August 25, 2020. *Id*. Davis requested and was granted leave under the Family and Medical Leave Act ("FMLA") for twelve weeks, from June 11, 2020, until September 3, 2020. *Id*.

On August 25, 2020, after meeting with her pulmonary specialist, Davis was diagnosed with Eosinophils Asthma. *Id*.  A note from Davis's physician on September 23, 2020, indicated Davis could not be exposed to any secondhand smoke, vapors, chemicals,

or other inhalants that could worsen her condition, and due to her symptoms, she would need to be off until November 30, 2020. *Id*. However, when Davis requested additional leave and accommodations under the FMLA on October 7, 2020, the additional leave was denied. *Id*. at 3. Davis's FMLA leave had been exhausted, and Davis had already been granted six weeks of personal leave, which was set to expire on October 15, 2020, twelve days more than company policy as set forth in her employee handbook. *Id*.

As for the accommodations request, Bossier Casino provided Davis with an ADA form for her physician to fill out that would identify accommodations to allow Davis to perform her job. *Id*. On the form, her physician stated that she suffered from severe asthma permanently, which interfered with her ability to perform job functions as a slot attendant who is exposed to severe allergens. *Id*. Davis's physician did not identify accommodations nor project a return date. *Id*. Davis did not possess the qualifications for other vacant positions at Bossier Casino. *Id*. at 4. On October 16, 2020, after Davis's leave expired, Bossier Casino terminated her employment. Record Document 19-1 at 9.

Davis filed suit asserting unlawful termination and failure to accommodate claims under both the Americans with Disabilities Act of 1990 ("ADA")[1] and the Louisiana Employment Discrimination Law ("LEDL").[2]  Bossier Casino has moved for summary judgment. Record Document 19. To date, Davis has failed to file an opposition.

---

[1] 42 U.S.C. § 12101
[2] La. R.S. § 23:301

**LEGAL STANDARD**

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322-23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the non-movant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings and designat[ing] specific facts" for support. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex,* 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986) (quoting *Adickes v. S. H Kress & Co.,* 398 U.S. 144, 158-59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the non-

movant is so "weak or tenuous" that it could not support a judgment in the non-movant's favor. *Armstrong v. City of Dall.,* 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

## LAW AND ANALYSIS

Davis alleges that Bossier Casino wrongfully terminated her employment and failed to accommodate her disability in violation of the ADA and LEDL. Record Document 1. Employment discrimination claims brought under the ADA and LEDL are analyzed under the same analytical framework. *Johnson v. JP Morgan Chase Bank, N.A.*, 293 F. Supp. 3d 600, 615 (W.D. La. 2018). Title I of the ADA prohibits employers from discriminating against persons with disabilities. 42 U.S.C. §§ 12111-12117. A disability is a "physical or mental impairment that substantially limits one or more major life activities . . . ; a record of such an impairment; or . . . being regarded as having such an impairment." *Id.* § 12102(1). Because Congress has instructed courts to construe this definition as broadly as possible, *id.* § 12102(4)(A), the "threshold issue of whether an impairment 'substantially limits' a major life activity should not demand extensive analysis," 29 C.F.R. § 1630.2(j))(1)(iii).

To be protected by the ADA, an employee with a disability must be "qualified," that is, able to perform the essential functions of the employment position either with or without accommodations. 42 U.S.C. § 12111(8). Although courts must give weight to an employer's determination that a given job function is essential, *id.,* this "deference is not absolute," *E.E.O.C. v. LHC Grp., Inc.,* 773 F.3d 688, 698 (5th Cir. 2014) (citing 29 C.F.R. pt. 1630, app. § 1630.2(n)).

## I.    Wrongful Termination Claim

An ADA plaintiff alleging wrongful termination with only circumstantial evidence must proceed under the *McDonnell Douglas* burden-shifting framework. *Id.* at 694 (citing *Neely v. PSEG Tex., Ltd. P'ship,* 735 F.3d 242, 245 (5th Cir. 2013)); *see McDonnell Douglas Corp.* v. *Green,* 411 U.S. 792, 802 (1973). To survive summary judgment, the plaintiff must first make out a prima facie case which requires that the employee: (1) be disabled; (2) have been qualified for the position; and (3) have suffered an adverse employment action on account of that disability. *LHC Grp.,* 773 F.3d at 697 (citing *Zenor v. El Paso Healthcare Sys., Ltd.,* 176 F.3d 847, 853 (5th Cir. 1999)). If the employee successfully establishes a prima facie case, the employer must then articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* at 694. If the employer can do so, the burden reverts to the employee to produce evidence that the employer's explanation was pretext for unlawful discrimination or that the employee's disability was a motivating factor in the employment decision. *Id.* at 702 (citing *Rachid v. Jack In The Box, Inc.,* 376 F.3d 305, 312 (5th Cir. 2004)). "Pretext is established 'either through evidence of disparate treatment or by showing that the employer's proffered explanation

is false or unworthy of credence.'" *Delaval v. PTech Drilling Tubulars, L.L.C.,* 824 F.3d 476, 480 (5th Cir. 2016) (quoting *Laxton v. Gap, Inc.,* 333 F.3d 572, 578 (5th Cir. 2003)). An employee must prove pretext with "substantial evidence." *Id.* (quoting *Burton v. Freescale Semiconductor, Inc.,* 798 F.3d 222, 233 (5th Cir. 2015)).

Because Davis offers no direct evidence that she was discriminated against because of her disability, she must proceed via the *McDonnell Douglas* framework. *LHC Grp.*, 773 F.3d at 694 (citing *Neely*, 735 F.3d at 245). Bossier Casino does not address whether Davis's asthma constitutes a disability for ADA purposes, but rather assumes as such by focusing on the other elements of Davis's prima facie case. This Court will do likewise. The second prong that a plaintiff must satisfy to make out a prima facie case requires the employee to show she was qualified for the position. *LHC Grp.*, 773 F.3d at 697 (citing *Zenor*, 176 F.3d at 853). Bossier Casino contends that Davis's inability to work in a smoking environment rendered her unqualified for her position. Record Document 19-1 at 11. A qualified individual is one who is "able to 'perform the essential functions'" of the position "'with or without reasonable accommodation.'" *Credeur v. La. Through Office of Att'y Gen.*, 860 F.3d 785, 792 (5th Cir. 2017) (quoting 42 U.S.C. § 12111(8)).  "To avoid summary judgment on whether [she] is a qualified individual, [one must] show 1) that [she] could perform the essential functions of the job in spite of [her] disability or 2) that a reasonable accommodation of [her] disability would have enabled [her] to perform the essential functions of the job." *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996) (per curiam) (citing *Chandler v. City of Dallas*, 2 F.3d 1385, 1393 (5th Cir. 1993), *cert. denied*, 511 U.S. 1011 (1994)).

6

Davis has failed to do either. In fact, the evidence shows that she could *not* perform her job due to her disability. It is undisputed that her duties as a slot attendant required her to be on the casino floor at all times. Record Document 19-3 at 34. Davis's physician stated that she could not be exposed to secondhand smoke or any other allergens that could exacerbate her asthma. Record Document 19-8. Bossier Casino contends, and Davis does not refute, that there is no portion of the casino floor that is free from smoke or other allergens. Record Document 19-1 at 10. Thus, the essential functions of her job and the place the job is performed require Davis to be exposed to allergens. Accordingly, the Court finds that Davis could not perform her essential job duties as a slot attendant on the casino floor. *See Cooper v. United Parcel Serv., Inc.*, 368 F. App'x 469, 471-72, 476 (5th Cir. 2010) (finding that a former UPS worker was no longer qualified as an on-road supervisor after his doctor recommended that he avoid "daily driving, excessive heat and humidity, and high-stress situations"); *see also Burch v. City of Nacogdoches*, 174 F.3d 615, 619 (5th Cir. 1999) (finding that a firefighter who could no longer meet the physical demands of the job was no longer qualified). Nor has Davis shown there was a reasonable accommodation, which is examined below, that would have enabled her to perform the essential functions of her job.

The Court recognizes that Davis did suffer an adverse employment action stemming from her disability, but it agrees with Bossier Casino that she no longer could perform the essential functions of her job as a slot attendant in an environment with second-hand smoke. Record Document 19-1 at 14-15. Since Davis had exhausted her FMLA and personal leave, her physician indicated she could not be exposed to allergens, and there

were no other reasonable accommodations, Bossier Casino did not have a duty to continue Davis's employment. *See Burch*, 174 F.3d at 621 ("The ADA does not require an employer to relieve an employee of any essential functions of his or her job, modify those duties, reassign existing employees to perform those jobs, or hire new employees to do so."). Since Davis has failed to articulate a prima facie case of discrimination, Bossier Casino is entitled to summary judgment on this claim.

## II.   Failure to Accommodate Claim

An employer's failure to accommodate an employee's disability is an independent theory of liability under the ADA. *Dillard v. City of Austin,* 837 F.3d 557, 562 (5th Cir. 2016) (citing *LHC Grp.,* 773 F.3d at 703 n.6). To prevail on such a claim, a plaintiff must show: "(1) the plaintiff is a 'qualified individual with a disability;' (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations." *Neely,* 735 F.3d at 247 (quoting *Feist v. La. Dep't of Justice, Office of the Att'y Gen.,* 730 F.3d 450, 452 (5th Cir. 2013)). A qualified individual is one who is "able to 'perform the essential functions'" of the position "'with or without reasonable accommodation.'" *Credeur,* 860 F.3d at 792 (quoting 42 U.S.C. § 12111(8)). While an employer must "engage in a good faith interactive process" to identify reasonable accommodations, *E.E.O.C. v. Chevron Phillips Chem. Co.,* 570 F.3d 606, 621 (5th Cir. 2009) (citing *Cutrera v. Bd. of Supervisors,* 429 F.3d 108, 113 (5th Cir. 2005)), in litigation, the <u>employee</u> must propose a reasonable accommodation as part of the prima facie case, *Riel v. Elec. Data Sys. Corp.,* 99 F.3d 678, 683 (5th Cir. 1996).

"Time off, whether paid or unpaid, can be a reasonable accommodation, but an employer is not required to provide a disabled employee with indefinite leave." *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 418 (5th Cir. 2017) (citing *Delaval*, 824 F.3d at 481). Although re-assignment to a new job may be a reasonable accommodation, the employee "bears the burden of proving that an available position exists that [she] was qualified for and could, with reasonable accommodations, perform." *Id*. (citing *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007)).

Relevant here, Bossier Casino did accommodate Davis by providing her with FMLA leave and personal leave, which Davis fully exhausted. Record Document 19-2 at 3. When her leave was nearly over, her treating physician stated her return date was "TBD upon treatment, therapy, and response." *Id*. Bossier Casino was not required to provide her with indefinite leave. *See Moss,* 851 F.3d at 418 (citing *Delaval,* 824 F.3d at 481). While Davis contends that she could have been transferred to a position in a non-smoking environment, the evidence shows there were no such vacant positions available that Davis was qualified to perform. Record Document 19-2 at 4 and 19-10. The vacant positions were as follows: (a) nail tech, which required state certification and exposure to chemical inhalants, (b) revenue audit lead, which required one to two years of experience as a lead auditor, (c) Riverview line cook, which required experience, (d) massage therapist, which required state certifications, and (e) VP of Human Resources, which required education and experience. Record Document 19-4 at 51. "[T]he law requires [a plaintiff] also to prove that [she] is qualified for [an alternative] position. Part of that proof must be more

than the worker's self-serving testimony that [she] could have performed [the job]." *Cooper*, 368 F. App'x at 477 (quoting *Burch*, 174 F.3d at 622).

Davis did not prove she was qualified for any of the vacant positions; instead, she admitted that she did not have the requisite one to two years of experience for a vacant audit position. Record Document 19-3 at 67 and 19-4 at 51. Davis alleges that Bossier Casino had hired others in the past without experience but provides no evidence of such practices. *See Liquid Air Corp.*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 325) ("If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the non-movant must demonstrate that there is, in fact, a genuine issue for trial by going 'beyond the pleadings and designat[ing] specific facts' for support."). Even if the Court were to accept this as true, such self-serving testimony without more is insufficient to show her ability to serve in those roles. *See Cooper*, 368 F. App'x at 477.

As previously indicated, Davis admitted she did not have the necessary experience, yet still claimed that Bossier Casino could have trained her for such a position. Record Document 19-3 at 67. The Fifth Circuit has never held that employers are required to circumvent their requirements of a job description for a disabled employee, rather it has done the opposite. It has stated that an employee must provide evidence indicating she is qualified to "meet the hiring criteria for [a] requested position[]." *See Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 810 (5th Cir. 1997) (noting that a disabled employee failed to show he possessed the "requisite skill, experience, education, or other job-related requirements to qualify for [the] positions" that he sought to be transferred to); *see also* EEOC Enforcement Guidance on Reasonable Accommodation and Undue Hardship Under

10

the Americans with Disabilities Act, No. 915.002 (Oct. 17, 2002) ("[T]he employer does not have to provide training so that the employee acquires necessary skills to take a job. The employer . . . [has] to provide [a disabled employee] . . . with any training that is normally provided to anyone hired for or transferred to the position."). As such, there were no alternative vacancies for which Davis was qualified, nor was Bossier Casino required to train her for a job for which she did not have the requisite experience. Because Davis failed to prove that Bossier Casino did not make reasonable accommodations, her failure to accommodate claim cannot stand. *See Neely*, 735 F.3d at 247 (quoting *Feist*, 730 F.3d at 452). Accordingly, Bossier Casino's motion for summary judgment [Record Document 19] must be granted.

**<u>CONCLUSION</u>**

For the foregoing reasons, **IT IS ORDERED** that Bossier Casino's motion for summary judgment [Record Document 19] is **GRANTED** and Davis's claims are hereby **DISMISSED WITH PREJUDICE**. A judgment will be issued alongside this ruling.

**THUS DONE AND SIGNED** this _18th___ day of September, 2023.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE